UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 2 0 2010

U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
)
)
v. ) No. 09-CR-129 (ESH)
)
LONNELL GLOVER, et al. )
)
)
Defendants. )
)

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Lonnell Glover's motion to continue the January 25, 2010 trial date. Mr. Glover argues that a continuance is appropriate because he believes the Court denied his June 25, 2009 motion seeking release of funds and properties in order to retain private counsel for trial. Based on this belief, Mr. Glover filed an interlocutory appeal on August 19, 2009, and he contends that resolution of this appeal prior to judgment is proper under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).[1] After consideration of Mr. Glover's arguments and applicable law, the Court denies the motion.

Although Mr. Glover filed a motion seeking release of funds and properties in the instant case, the assets he seeks were subject to criminal forfeiture in a separate case before Judge Thomas Hogan, *United States v. Glover et al.*, No. 07-cr-0153. In that case, Mr. Glover was convicted of conspiracy to distribute and possess with intent to distribute a kilogram or more of phencyclidine ("PCP") in November 2008 ("the PCP case"). There was also a criminal

---

[1] No briefing schedule has been set for Mr. Glover's appellate case, and the only filing since the appeal was noticed is a motion by Mr. Glover, requesting the Court of Appeals to appoint an attorney to represent him in his appeal.

1

forfeiture allegation against Mr. Glover in that case concerning a money judgment and a piece of real property.[2] When Mr. Glover filed his motion to release funds in the instant case, there had not yet been an adjudication of the forfeiture charge. As a result, the Court declined to rule on Mr. Glover's motion in favor of allowing Judge Hogan to hold a hearing and determine whether the assets would in fact be forfeited in the PCP case. (Aug. 12, 2009 Tr. at 3:16-19, 7:6-8:13.) Mr. Glover's motion was held in abeyance pending such a proceeding before Judge Hogan. (*Id.* at 7:15-24.) In November 2009, Judge Hogan held a forfeiture hearing pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853. Following that hearing, Judge Hogan issued an order finding "by a preponderance of the evidence" that Mr. Glover's real property constituted or derived from proceeds obtained as a result of the conspiracy. (Dec. 4, 2009 Order at 5.) Judge Hogan also found Mr. Glover liable for a personal money judgment in the amount of $1,050,000, representing the proceeds resulting from the PCP conspiracy. (*Id.* at 6.) Judge Hogan's forfeiture order will become final at Mr. Glover's sentencing, scheduled for February 26, 2010. (*Id.*)

Given that this Court did not rule on Mr. Glover's motion, there is no basis for his interlocutory appeal. *See* 28 U.S.C. § 1292 (restricting interlocutory appeals to certain district court "orders" or "decrees"). As for Mr. Glover's contention that his Sixth Amendment right to counsel is implicated by the Court's failure to release his funds and properties, Mr. Glover does not have a constitutional right to forfeited assets for the purpose of securing privately retained counsel. *United States v. Friedman*, 849 F.2d 1488, 1490 (D.C. Cir. 1988); *see also Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 631 (1989) ("It is our view that there is a

---

[2] The government also filed two civil forfeiture actions against property seized from Mr. Glover, *United States v. $189,880.00 in U.S. Currency et al.*, 07-cv-02156, and *United States v. ONE 1998 CHEVROLET K2500 PICK-UP TRUCK, et al.*, 07-cv-02305. These cases were stayed pending the outcome of the criminal case before Judge Hogan.

strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable to pay for their defense."). Mr. Glover may desire to replace his court-appointed counsel with a private attorney. But he does not have sufficient funds, apart from the forfeited assets, to hire private counsel, and he is not entitled to the appointment of counsel of his choice. *Friedman*, 849 U.S. at 362; *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."). The Court notes that Mr. Glover's counsel of record, Joseph Conte,[3] entered his appearance on behalf of Mr. Glover one day after the indictment against defendants was filed and has represented Mr. Glover for the duration of the instant case. Mr. Conte is a member of good standing in the District of Columbia bar and is qualified to represent Mr. Glover in this matter. As such, Mr. Glover's Sixth Amendment right to assistance of counsel is not implicated by his inability to access forfeited assets, and defendant has presented no other reason to continue the trial at this late date. Accordingly, defendant's motion is **DENIED**.

_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: January 20, 2010

---

[3] While Mr. Glover has complained about Mr. Conte, this discontent is part of a consistent pattern dating back to 2007. Mr. Glover has had multiple attorneys, both appointed and retained, represent him in this case and the one before Judge Hogan. Thomas Abbenante was appointed to represent Mr. Glover in 2007, but Mr. Glover became displeased with his representation. Mr. Glover then hired James Butler to represent him, but Mr. Butler was subsequently disbarred. At Mr. Glover's request, this Court appointed Eduardo Balarezo in January 2008, but Mr. Glover became unhappy with him, as well, following his PCP conspiracy conviction. Judge Hogan then appointed Gregory Smith to represent Mr. Glover in April 2009, followed by Mr. Conte in August 2009.