## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 1:09-mj-00273-01 (AK) |
| ) | |
| LONNELL GLOVER ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO SEVER

COMES NOW, the defendant, by and through Joseph Conte, 400 Seventh St., N.W., Suite 400, Washington, D.C. 20004 to respectfully provide this Honorable Court with additional authority in support of his oral motion to sever his trial from the co-defendant Jonathan Wright.

The defendants are charged with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. The government alleges that defendant Glover acquired $175,000.00 through his PCP/Heroin conspiracy to finance a purchase of cocaine in the Bahamas which co-defendant Jonathan Wright is alleged to have had the necessary contact in the Bahamas to supply large quantities of cocaine.

In her opening statement counsel for Mr. Wright ". . . never intended to supply or to help supply any cocaine." (Tr. January 26, 2010, p. 7) and that "He wanted to get his hands on the $175,000." (Tr. January 26, 2010, p. 18).

The presence of conflicting or antagonistic defenses, standing alone, has been held insufficient to require severance. *See e.g. Zafiro v. United States*, 506 U.S. 534, 538 (1993) and *United States v. Najjar*, 300 F.3d 466, 474 (4th Cir. 2002) (noting that right to severance requires more than fact of "finger pointing," that is , more than a showing that a co-defendant intends exculpating himself by inculpating a co-defendant. However severance is required where there is "such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other. *Najjar*, 300 F.3d at 474.

In *United States v. Romanello*, 726 F.2d 173 (5th Cir. 1984) that court held that when co-defendants have antagonistic defenses the courts have applied very specific tests to determine whether the trial was unfair. "To compel severance the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive. *Id.* at 177. Citing *United States v. Berkowitz* 662 F.2d 1127 (5th Cir. Unit B, 1981). "The essence or core of the defenses must be in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other. . . " *Id.* at 177.

This is the exact instant situation. (And this case is very similar to *Romanello)*. Glover has asserted that no conspiracy exists and rests his defense solely on the government's inability to prove the existence of a conspiracy. Wright on the other hand concedes the existence of the conspiracy and provides as a defense that he was not a member of the conspiracy but a person attempting to steal the $175,000.00 from Mr. Glover. Thus in order to believe Mr. Wright's defense the jury must necessarily disbelieve Mr. Glover's defense that no conspiracy existed.

WHEREFORE, counsel respectfully requests that his motion for severance be granted and that he be given a new trial.

                                                    Respectfully submitted,

                                             _/s/ *Joseph R. Conte*_____
                                             Joseph R. Conte, Bar #366827
                                             Counsel for Lonnell Glover
                                             Law Office of J.R. Conte
                                             400 Seventh St, N.W., #400
                                             Washington, D.C. 20004
                                             Phone:       202.638.4100
                                             Fax:          202.628.0249
                                             E-mail:       dcgunlaw@gmail.com

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a copy of the foregoing was served by Electron Case Filing to all parties this 27th day of January, 2010.

                                             _/s/ *Joseph R. Conte*_____
                                             Joseph R. Conte, Bar #366827
                                             Counsel for Lonnell Glover
                                             Law Office of J.R. Conte
                                             400 Seventh St, N.W. #400
                                             Washington, D.C. 20004
                                             Phone:       202.638.4100
                                             Fax:          202.628.0249
                                             E-mail:       dcgunlaw@gmail.com