# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.: 09-129 (ESH) |
| : | |
| v. : | |
| : | |
| LONNELL GLOVER : | |
| JONATHAN WRIGHT : | |
| : | |
| : | |

### Government's Opposition to Defendant Glover's Motion to Sever

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Lonnell Glover's oral motion for severance. As grounds for this opposition, the government relies on the following points and authorities.

1. On January 26, 2010, trial commenced and the parties gave opening statements to the jury. Defendant Glover essentially stated that the government will be unable to satisfy its burden of proving guilt beyond a reasonable doubt with respect to the alleged cocaine conspiracy. Defendant Wright, however, stated that the evidence will show that (a) Lonnell Glover wanted to purchase cocaine; (b) Lonnell Glover gave $175,000 to Jonathan Wright; but (c) Jonathan Wright never intended to help Glover obtain cocaine, rather, Wright intended to steal the money from Glover. Based on the theory of conflicting defenses, defendant Glover orally moved for severance. The Court requested briefing on this issue.

2. In Zafiro v. United States, 506 U.S. 534, 538 (1993), the Supreme Court held that "antagonistic defenses are not prejudicial per se. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district

court's sound discretion." Because juries are presumed to follow their instructions, limiting instructions "often will suffice to cure any risk of prejudice." Id. at 539-40. The Supreme Court affirmed the district court's denial of severance because the trial court properly instructed the jury that: (a) the burden of proving beyond a reasonable doubt that each defendant committed the crimes with which he or she is charged; (b) the jury must give separate consideration to each individual defendant and to each separate charge against him; (c) each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence that may be applicable to him or to her; and (d) opening and closing arguments are not evidence and that it should draw no inferences from a defendant's exercise of the right to silence. Id. at 541.

    3.    In this case, defendant Glover cannot satisfy his initial burden of showing that the defenses are, in fact, "irreconcilable." Glover's defense is essentially a general denial – that the government cannot prove guilt beyond a reasonable doubt. Wright's defense is that he never intended to help Glover obtain cocaine, but rather intended to steal the money ($175,000) from Glover. This situation is similar to the defenses presented in United States v. Brown, 16 F.3d 423, 433 (D.C. 1994). In Brown, defendant Williams' defense (including her own testimony at trial) was that the drug and guns seized from her apartment belonged to defendant Brown and that she (defendant Williams) merely permitted him (defendant Brown) to store them there. In contrast, Brown's defense (like defendant Lonnell Glover) was a general denial that he had nothing to do with the drugs and guns. The Court found that the defenses were not irreconcilable because the jury could conclude that "neither Brown's nor Williams' defense was completely accurate." The Court further found that defendant Williams' testimony at trial -- which necessarily inculpated defendant Brown -- was not a ground for severance. Id. at 434. See United States v. Gilliam, 167 F.3d 628, 635 (D.C.

1999) ("Even where codefendants implicate each other, their defenses are not necessarily antagonistic, and even when they are mutually antagonistic, they are not necessarily improperly prejudicial." Discussing Brown with approval).

4.   Accordingly, the government submits that defendant Glover's motion to sever should be DENIED.

                        Respectfully Submitted,

                        CHANNING D. PHILLIPS
                        UNITED STATES ATTORNEY
                        DC Bar #: 415-793

BY:   _____/s/_____
                        JOHN K. HAN
                        Assistant United States Attorney, NY Bar
                        United States Attorney's Office
                        555 4th Street, N.W., Fourth Floor
                        Washington, D.C.  20530
                        (202) 514-6519
                        John.Han@usdoj.gov