UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No.: 09-129 (ESH) |
| : | |
| **v.** : | |
| : | |
| **LONNELL GLOVER,** : | |
| **JONATHAN WRIGHT** : | |
| : | |
| **Defendants.** : | |

**GOVERNMENT'S MOTION IN LIMINE
TO PRECLUDE REFERENCES TO COOPERATING WITNESSES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves in limine to preclude defense counsel from making references (either in questions, comments, or arguments) regarding the availability of government cooperating witness unless those witnesses testify at trial.

1. In compliance with the Court's discovery orders, the government disclosed to defense counsel the names of three cooperating witnesses who might testify at trial, and provided their Jencks material in advance of trial as well.

2. The government has not made a final determination of which, if any, cooperating witnesses it will call in its case in chief. In its opening, the government specifically did not mention that any of these cooperating witnesses would testify at trial. Defendant Wright's opening statement that he intended to steal the money from Glover, and not help him obtain cocaine, appears to remove from dispute certain factual issues and might obviate the need for the testimony of certain cooperators.

3. The Court found that defendant Wright had "crossed the line" and improperly made missing-witness arguments in his opening statement regarding Foot and Cardinal Marshall.

Although the government did not commit to calling any cooperating witnesses, defendant Wright made the assertion that Robert Robbins would be a government witness, and that Robins could not be trusted because he was facing life imprisonment.

4. The government believes that it is improper for defense counsel to ask Special Agent Bevington (or any other witness) any questions that reference the fact that certain persons have entered into cooperation agreements with the government and are available as witnesses for the government. As an extreme example, "Agent Bevington, isn't it true that Mr. X has agreed to cooperate with the government." Unless these persons testify at trial, their legal status is simply irrelevant to the guilt or innocence of the defendants. Moreover, that information is highly prejudicial to the government because it suggests to the jury that the government is hiding evidence and witnesses from them, when the defendants have the ability to call them as witnesses in their case.

5. Given defendant Wright's intention to raise missing-witness/<u>Lawson</u> arguments and the highly prejudical effect of defense counsel asking such questions (even if an objection thereto is sustained), the government requests that the Court preclude defense counsel from making any references (in questions, comments, or arguments) that disclose that certain persons have entered cooperation agreements or are available as witnesses for the government.

Respectfully Submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
DC Bar #: 415-793

BY: _____/s/_____
JOHN K. HAN
Assistant United States Attorney, NY Bar
United States Attorney's Office
555 4th Street, N.W., Fourth Floor
Washington, D.C.  20530
(202) 514-6519
John.Han@usdoj.gov